DUNKIN et al. v. RICE et al.

No. 32212. May 21, 1946.

*169 P. 2d 210.*

Robert Burns, of Oklahoma City, for plaintiffs in error.

Guy L. Horton and Swank & Swank, all of Stillwater, for defendants in error.

WELCH, J. The parties will be referred to as plaintiffs and defendants as they appeared in the trial court.

Plaintiffs are grandchildren of Sarah C. Dunkin, deceased, and are children of Sarah's two daughters who had died prior to her death. The defendants are Sarah's children who were living at the time of her death. Plaintiffs' action was to cancel certain deeds made to defendants by Sarah shortly prior to her death. They asserted that the defendants prevailed upon their mother to execute the deeds to them at a time when she was mentally incapable. Plaintiffs recovered judgment in the trial court, and the defendants have perfected this appeal.

Defendants assert herein that the findings of fact are contrary to the evidence and that the judgment is contrary to law. We will not disturb the findings unless same are against the clear weight of the evidence.

The several deeds were executed and delivered on October 4, 1943, by Sarah. They were drawn to divide all of her real property, of the value of some $30,000, to her children then living. None of her property was similarly conveyed to any of these plaintiffs. Sarah died February 21, 1944, at about the age of 93 years. In July, 1943, deceased had suffered a broken hip from a fall and was confined to a hospital for about a month. The broken bones did not unite and she remained bedridden until her death.

In 1935 or 1936 Sarah had executed a will in which she had provided that her property be divided equally between her living children and in which the grandchildren would receive the pro rata share represented by their deceased parent.

Some time shortly prior to October 4, 1943, one of the defendants procured the services of an attorney to prepare and superintend the execution of the present deeds. The attorney recommended that some investigation be made of Sarah's mental capacity, in view of her advanced years and physical condition. At about that time this defendant requested Dr. Manning to visit his mother, which he did. This doctor had been Sarah's family physician for some 35 or 36 years, and had attended her when she was in the hospital from the hip injury, and at many other times. Shortly thereafter this defendant obtained another physician from another town to visit his mother, and at the time of such visit the deeds were executed by mark in the presence of the attorney and his secretary and several of the defendants and other persons. At that time the will was given to the attorney with instructions to destroy same, which was done in the presence of all.

It is aptly pointed out that mere advanced age or physical infirmity does not render one incapable of making wills or entering into contracts of conveyance. The mental faculties must be so reduced that the afflicted individual is incapable of understanding the nature and effect of the transaction at the time the questioned instrument was executed, to warrant cancellation. Canfield v. Canfield, 167 Okla. 595, 31 P. 2d 149.

Many witnesses were introduced by both sides touching the state of grantor's mind and mental capacity on October 4, 1943. The parties present when the deeds were executed were of the opinion that she understood the nature and effect of her acts in that respect. The physician from the near-by town was also of the same opinion, as well as some of the nurses who had attended her in the hospital some two months prior thereto.

On the other hand, many witnesses, who had seen and visited with grantor numerous times before and after the execution of the deeds, were as definitely of the contrary opinion. Included among those were Dr. Manning, who

had been first called upon to examine her in connection with these transactions, and who had known her professionally for more than 35 years as her personal physician; others of the nurses who had attended her when in the hospital, and other laymen friends and kindred.

The evidence is to the effect that although the living children probably had more opportunity, and did give Sarah more time, attention, and care than did the grandchildren, yet it is shown that she greatly loved all of such grandchildren and had never had cause to resent or neglect them.

In Stuart v. Mayberry et al., 105 Okla. 13, 231 P. 491, it was held as follows:

"In an equitable action to cancel certain deeds, executed by an alleged mental incompetent, the presumption is in favor of the correctness of the judgment of the trial court, and where said judgment is not clearly against the weight of the evidence, as in the instant case, the judgment will be affirmed by this court on appeal."

From an examination of this record we do not find cause for disturbing the findings and judgment of the trial court.

Affirmed.

HURST, V.C.J., and OSBORN, CORN, and DAVISON, JJ., concur.