RICE et al. v. YOUNG et al.

No. 33089.    May 18, 1948.

Rehearing Denied June 22, 1948.

*194 P. 2d 882.*

Wise & Ivester, of Sayre, for plaintiffs in error.

Meacham, Meacham, Meacham & Meacham, of Clinton, for defendants in error.

ARNOLD, J.  This was an action by certain legatees under the last will and testament of Nellie N. Rice to enforce specific performance of a contract between them and certain devisees under said will purportedly intended to effect a distribution of the estate in a manner different from that provided in the will.

In 1935, Robert W. Rice died testate leaving an estate consisting of three quarter sections of land and certain personal property all of the estimated value of $17,000.  His will was a mutual will executed by him and his wife, by the terms of which the survivor took the entire estate.  This will was duly probated and distribution of the entire estate made to the widow, Nellie N. Rice.  In 1937, Nellie N. Rice executed and delivered a deed to one of the quarter sections to Charles W. Rice, a son, and subsequently made a will by the terms of which she bequeathed to the plaintiffs, who are grandchildren, the sum of $5 each, and devised to Charles W. Rice another of the three quarter sections of land, and to Iva M. Rice, a daughter, the remaining quarter section of land and bequeathed to her in addition all of the personal property of which testatrix died seized and possessed.  The grandchildren named in this will as legatees are the children of the two deceased daughters of Robert W. and Nellie N. Rice.  By a provision of the mutual will these parents stated that no provision was being made for their four children, who were named therein, for the reason that it was the desire of each of the parents that the other should take the entire estate as survivor and that they had mutual confidence that the children would be provided for by the survivor under that will.

Nellie N. Rice died May 4, 1943, and on May 8th thereafter, the contract made the basis of this action was entered into between Charles W. Rice and Iva M. Rice as parties of the first part and the plaintiffs herein as parties of the second part.  This contract is quite lengthy, but in substance it provides that the parties recognize that under the mutual will of Robert W. Rice and Nellie N. Rice it was intended that the grandchildren, as representatives of the two deceased daughters, should take their respective mothers' equal one-fourth share in the estate upon the death of the survivor under the mutual will; that the parties of the second part intended to contest the probate of the will of Nellie N. Rice, and in consideration of their refraining from instituting such contest the parties of the first part agreed and bound themselves to proceed with the probate of the will to

final distribution of the estate, and that upon entry of the final decree therein parties of the first part would sell the three quarter sections of land and divide the proceeds thereof among the heirs, each of the first parties to receive an undivided one-fourth and the heirs of the two deceased daughters to share in the remaining one-half, according to their rights of representation of their deceased mothers.

Plaintiffs alleged in their petition that the parties of the first part in said contract and the other defendants named had failed and refused to carry out the terms and provisions of said contract after the period for contesting the will had expired, and prayed that said contract be specifically enforced against the defendants.

Defendants answered by general denial and further alleged that Nellie N. Rice died seized and possessed of only two of the quarter sections of land named in the contract, and that the remaining quarter section had been legally conveyed to the defendant Charles W. Rice many years before the death of Nellie N. Rice, and that he and his family had been in possession of and occupying the same as a homestead since 1937; that the will of Nellie N. Rice was a valid will and that the same was duly probated by the county court of Beckham county, and that distribution of her estate was made by said court in accordance with the provisions of her will; that the contract sued on is void and unenforceable for the reason that the quarter section of land deeded to Charles W. Rice by his mother in 1937 was the homestead of himself and his family and that his wife did not join in the execution of said contract; that Iva M. Rice, at the date of the execution of said contract and for many years prior thereto, was an incompetent person, not capable of entering into such contract and assuming its obligations; that said contract lacks mutuality and that there was no valid consideration to support the same; that its execution by Charles W. Rice and Iva M. Rice was procured by fraud and false representations on the part of the plaintiffs on which the said Charles W. Rice and Iva M. Rice relied, and that without such false representations they would not have executed said contract; they prayed that plaintiffs take nothing by reason of their action and that the title of the defendants in and to said property, as distributed by the county court under the terms of the will, be quieted in them.

Plaintiffs replied to the answer by general denial and by a plea of estoppel. The cause was tried to the court and at the conclusion of all of the testimony, the court held that the contract was unenforceable as to the quarter section of the land constituting the homestead of Charles W. Rice and wife for the reason that she did not join in the execution of the contract; that otherwise the contract should be specifically enforced, the real estate remaining sold and its proceeds divided equally as provided in the contract. From this judgment and decree, this appeal has been taken.

The parties will be herein referred to as plaintiffs and defendants as they appeared in the trial court.

For reversal of the decree entered by the trial court, defendants relied on four propositions thus stated in their brief:

(1) The contract is not founded on any consideration.

(2) The finding and judgment of the trial court that Iva M. Rice was competent to make the contract is contrary to the evidence.

(3) The contract is an entire contract.

(4) The judgment of the trial court is contrary to the terms of this contract.

These propositions will be considered and discussed in the order presented.

In the opening of the trial, the court ruled that the burden of proof rested

upon the defendants (15 O.S. 1941 §115). Defendants reserved an exception, but no question is here raised as to the correctness of the ruling.

The reasons actuating the parties in making this contract and the consideration moving from the parties of the second part to the parties of the first part are thus expressed in the contract.

"It is further understood that in some degree the acts and agreements of the said Charles W. Rice and Iva M. Rice herein made, are voluntary, and the consideration for this contract is partly composed of love and affection, and their confidence in the other parties hereto, that they would have done likewise had the situation been reversed, and the further reason being the provision in the original mutual will, that the children and grandchildren would be properly taken care of and provided for; a further consideration being that it was property owned by the said Robert W. Rice and Nellie N. Rice during the time all the children were at home, all of whom were living and all of whom contributed their efforts toward the upkeep, the working and taking care of said property; the principal consideration of this agreement being that none of the parties hereto, and in particular the second parties, will file any protest of contest or any legal action to hinder or delay the probation of the will and the proceedings in connection therewith, now being in process."

The application for probate of the will of Nellie N. Rice was filed the day before this contract was entered into, and it is uncontroverted that these probate proceedings were prosecuted to final determination and distribution under the terms of the will of Nellie N. Rice, and that no contest of any kind or character was filed against said proceedings by the parties of the second part. It is contended by defendants, however, that the waiver of the right to contest the probate of the will by the parties of the second part was not a valid consideration for the execution of the contract, although the obligation of the parties of the second

part not to contest said probate proceedings was fully performed. In support of this contention, defendants cite and quote from two decisions by this court (Dygus et al. v. Rogers et al., 198 Okla. 632, 181 P. 2d 253; Hulen v. Truit, 188 Okla. 296, 108 P. 2d 170), but neither of these cases involved a contract made by the heirs of a deceased person to change the distribution of the estate from that expressed in the will, and we think those authorities are inapplicable to the fact situation here presented. The Legislature of this state has defined a good consideration for a contract in 15 O.S. 1941 §106 thus:

"Any benefit conferred, or agreed to be conferred upon the promisor, by any other person, to which the promisor is not lawfully entitled, or any prejudice suffered or agreed to be suffered by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor, is a good consideration for a promise."

In the case of Vinson v. Cook, 76 Okla. 46, 184 P. 97, this court, in the third paragraph of the syllabus, used this language:

"Compromises of doubtful rights are upheld by general policy as tending to prevent litigation in all enlightened systems of jurisprudence. Much more readily will courts of equity give effect to agreements of compromise of conflicting claims, especially when they partake of the nature of family arrangements."

The contract here involved being in writing, we are of the opinion that it expressed a good consideration for the promise of the defendants to make equal division of the Nellie N. Rice estate among her heirs.

Defendants' second proposition, based upon the alleged incompetency of Iva M. Rice to make the contract, is the one principally relied upon and discussed in their brief.

We will preface our consideration of the arguments presented under this

proposition by calling attention to the fact that the Legislature has declared that all persons are capable of contracting except minors, persons of unsound mind and persons deprived of civil rights (15 O.S. 1941 §11), and that it has said that persons of unsound mind within the meaning of the law are idiots, lunatics and imbeciles (15 O. S. 1941 §16).

Much testimony was adduced upon the trial by lay witnesses to the effect that Iva M. Rice (now Price) has never been regarded by persons with whom she associated as having normal intelligence, or any knowledge whatever of business transactions. At the age of twelve years, she had reached only the third grade in school and was withdrawn from school because of the embarrassment resulting from her backwardness in her studies. Two physicians testified to her mental condition as being subnormal, but one of them had not seen or attended her in any way for several years. At the date of the execution of the contract, Iva M. Rice was about 50 years of age. She had always lived with her parents and was accustomed to doing the usual housework which the child of a family ordinarily does. Her mental condition was never such that those closely related to her thought it necessary to have her incompetency legally determined and a guardian appointed until after the probate proceedings had been had in the Nellie N. Rice estate and her distributive share thereof had been set apart to her. She was present in court at the trial of the case and took part in the proceedings to the extent of refreshing the memory of one of the medical witnesses while on the stand that it was not a younger sister whom the doctor knew years before, but that she was the one, and after having his memory thus refreshed the doctor stated that she was the one he had in mind. Iva married within six months after the death of her mother in 1943, and evidently she was considered by the county judge to be mentally competent to enter into a marriage contract (43 O.S. 1941 §5). The trial court had opportunity to observe her in the courtroom during the trial and was not convinced that defendants had sustained the burden of proof resting upon them as to her incompetency.

It is true that the testimony of the lay witnesses who had known Iva M. Rice during practically all of her lifetime, as to her being subnormal mentally and incapable of carrying on business transactions, is uncontroverted by any direct proof, but this character of testimony went only to the extent of her education and to her ability to determine for herself the quality and kind of merchandise which she might desire to purchase at the stores and to her inability to make correct change when paying for articles purchased. This testimony falls far short of meeting the test of mental unsoundness which the Legislature has said will make one incapable of contracting. The trial court saw and heard the witnesses and saw and listened to Iva M. Rice during the progress of the trial and was in a much better position to evaluate the testimony touching her mental unsoundness than is this court from a mere reading of the printed record. It determined that she was not incapable of entering into the contract and we cannot say that this finding of the trial court is clearly against the weight of the evidence, this being the test by which we must be guided in reviewing equity cases. Nobel v. Bodovitz, 175 Okla. 432, 52 P. 2d 1046; McAtee v. Hardin, 180 Okla. 546, 71 P. 2d 463; Dunkin v. Rice, 197 Okla. 150, 169 P. 2d 210.

Under their third proposition, defendants contend that the contract here involved was an entirety and not severable and that unless it could be enforced in its entirety it could not be enforced at all. We think this contention of defendants is erroneous. The contract had three objects which the parties sought to attain by its execution. First, it was sought to divide the real estate derived from the estate of Nellie N.

Rice, deceased, among plaintiffs and defendants according to the laws of descent and distribution in this state instead of under the will. Second, it confirmed the bequest of all the personal property of said estate to Iva M. Rice.

We think these objects were clearly lawful when agreed to by all of the parties. The third object sought to be attained was to give to the plaintiffs an undivided one-half interest in the homestead of Charles W. Rice and wife without his wife consenting thereto. This was clearly unlawful. This brings into operation the provisions of 15 O.S. 1941 §105, which reads:

"Where a contract has several distinct objects, of which one at least is lawful and one at least is unlawful in whole or in part, the contract is void as to the latter, and valid as to the rest."

The controversy giving rise to this contract arose from certain language used in the mutual will of Robert W. Rice and Nellie N. Rice:

We make no provisions in our mutual will for said children or grandchildren as we desire that the survivor of us shall have all of the property owned by us, either separate or jointly at the time of the death of either of us, and having confidence in the survivor of us that said children and grandchildren will be properly taken care of and provided for."

Plaintiffs construed this language to mean that Nellie N. Rice took only a life estate in the property at her husband's death and that she had no power to deed any part of the property or to make a will disposing of it. In this construction, the defendants acquiesced. Where the facts are known to all of the parties or could have been known to them by the exercise of diligence, a mistake as to the law applicable to the facts does not render a contract so entered into void or voidable, the mistake being one of law and not of fact. We think that the quoted language from the mutual will is merely precatory and that the trial court properly held that

Nellie N. Rice took full title to the estate as successor to her husband under the mutual will. Therefore, the 160 acres of land known as the Brown Place, which she deeded to Charles W. Rice in 1937, was not a part of her estate and could not be included in the agreement of the parties to divide her real estate according to the laws of descent and distribution. The object of the contract so far as it related to property derived from the estate of Nellie N. Rice, deceased, was a valid and enforceable contract, the consideration therefor having been fully performed. The unlawful object embraced within the contract could be, and was, disregarded by the court in construing and decreeing its enforcement.

Under the fourth proposition, defendants contend that the judgment of the trial court is contrary to the terms of the contract. We think the decree of the court after eliminating the homestead of Charles W. Rice and wife from consideration properly applied the law in holding that the remainder of the contract was valid and enforceable and directing that its provisions for the sale of the real estate, other than the homestead, should be carried into effect.

Judgment affirmed.