MATTHEWS et al. v. PEDERSON et al.

No. 34177.   July 10, 1951.

*233 P. 2d 971.*

Emmett A. Klem, Shattuck, for plaintiffs in error.

Sparks & Boatman, Woodward, for defendants in error.

WELCH, J.   Joseph L. Matthews, John F. Matthews, Charles F. Matthews, Thomas B. Matthews, George N. Matthews, Edward O. Matthews, Walter O. Matthews, and Samuel A. Matthews, all sons of William F. Matthews, deceased, commenced this action against Viola Ann Pederson and Bessie Allie Freeman, and the respective husbands of these named defendants, for the cancellation of a deed executed by the said William F. Matthews in favor of the named defendants. The named defendants are the daughters of the said William F. Matthews, deceased. The plaintiffs charged that the deed was executed at a time when the said grantor was of unsound mind and incapable of understanding the import and nature of his act; that the named defendants procured the execution and delivery of deed by the exercise of undue influence over their demented father, and that the deed was executed without consideration. On trial of the action the trial court found to the contrary of these charges of the plaintiffs, and entered judgment for the defendants. The plaintiffs, in appeal, contend the trial court's findings are contrary to the evidence and that the judgment is contrary to law. We will not disturb the findings of the trial court unless same are against the

clear weight of the evidence. Dunkin v. Rice, 197 Okla. 150, 169 P. 2d 210.

The record reflects that William F. Matthews when of the approximate age of 79 years was stricken with an illness diagnosed by his attending physician as a progressive cerebral hemorrhage. The physician testified that after the inception of the hemorrhage the said William F. Matthews appeared to have a mind comparable to that of a three year old child. Other witnesses testified that during a period of approximately two weeks following the inception of the illness mentioned, the sick man appeared to be unable at times to distinguish his sons and daughters one from another, or at times to recognize them as his children.

Approximately two weeks after William F. Matthews was stricken with the illness aforementioned, he was removed to the home of his daughter at a certain city in Texas, and there remained about a week. He was then removed to the home of another daughter at another city in Texas, where after several days he signed the deed in controversy, naming these two daughters, defendants herein, as grantees. A few days thereafter he died.

Several witnesses testified concerning his acts and conduct during his sojourn in Texas. All the testimony concerning his acts and conduct during the time he was in Texas, and before and after the time the deed was executed, was to the effect that he carried on normal conversations and appeared to have full control of his mental faculties. An attorney and notary public, who prepared the deed and witnessed the signature thereto, gave testimony of conversations with the grantor concerning the transaction such as to show the grantor understood the nature and purpose of his act. A physician, who had attended the deceased at his last Texas residence at times before and after the time the deed was executed, testified that William F. Matthews was suffering from cerebral apoplexy, a condition that did not affect his mental processes and that in the visits had with him "he talked entirely intelligently and coherently and there was no irrational conversation whatsoever, up until a few hours before his death."

There was no testimony or evidence of any urging or importuning in reference to the making of a deed. The mere fact that the aged grantor spent his last days at the home and under the care of his daughters and when he was physically infirm does not in itself show an exercise of undue influence of his actions.

In Antle v. Hartman, 193 Okla. 524, 145 P. 2d 756, in syllabus, said the court:

"Undue influence to vitiate a conveyance must destroy the grantor's free agency at the time the conveyance is executed and must, in effect, substitute the will of another for that of the grantor."

"Mere suspicion, conjecture, possibility or guess that undue influence has been exercised is not sufficient to defeat a grant of conveyance otherwise valid."

"The test of capacity to make a deed or conveyance is that the grantor shall have the ability to understand the nature and effect of the act at the time the conveyance is made."

In Dunkin v. Rice, supra, we held:

"In an action of equitable cognizance to cancel certain deeds, executed by an alleged mental incompetent, the presumption is in favor of the correctness of the judgment of the trial court, and where said judgment is not clearly against the weight of the evidence, as in the instant case, the judgment will be affirmed by this court on appeal."

From an examination of the record herein, we do not find cause for disturbing the findings and judgment of the trial court.

Affirmed.

LUTTRELL, V.C.J., and CORN, GIBSON, DAVISON, HALLEY, JOHNSON, and O'NEAL, JJ., concur.