OPINION of the Court, by
Ch. J. Edwards.
.-n-The The appellant exhibited his bill in chancery, in the Madison circuit court, praying to be relieved against a contractor compromise entered into between himself and the appellee, whereby he agreed to relinquish on his part a certain portion of his land to the appellee, in consideration of the ap-pellee engaging to relinquish a part of an entry which was supposed to interfere with the appellant’s claim, and which the appellee, in right of himself and wife, derived title to under Calloway, &c. and as ground of relief, suggests that bis mind was disordered and insane at the time of making the contract; that undue advantage was taken of his situation ; that the appellee had deceived him ; that the appellee’s entry could not be legally established ; that if valid it would not cover any of his land ; and that it was forfeited because it had not been surveyed in due time.
The compromise of a doubtful right is a good consideration to found a contract on ; and it is immaterial on whose side the right ultimately turns out to be, as it must be on one side or the other, because there can be but one good right to the same piece of property. It seems to be proper to enquire whether the compromise in this case has been fairly obtained. To render it leal, the parties should be capable of contracting, willing b contract, and understand the subject matter of the ontract itself. With these requisites, it is presumed, here, can rarely be a case, (if any can exist,) however injurious on the one side, or beneficial on the other, in which a court of equity would be justified in dissolving jhe solemn obligation of parties.
Nothing is alleged against the appellant’s capability of contracting. As to his willingness to contract, it has in no other manner been attacked than by suggesting *169that his mind was rendered unsound and imbecile by several day’s intoxication immediately preceding the contract, and by suggesting a constraint imposed upon him by the appellee. Certain it is, that where the mind is rendered, by any cause whatever, incapable of rational volition, or is illegally áhd unjustly constrained, so as to prevent free volition, a contracting party cannot be said to have been willing to contract, or to have given his assent to the contract; and any stipulation procured from him in such a situation, ought to be avoided by a court of competent power, unless it had been ratified and confirmed by him subsequent to the existence and operation of these causes. In this case, though there is proof that the appellant had been drunk, yet it is not proved that his mind was unsound, or that he had not the full exercise of his reason and reflection, at the ti/ie of the contract; and there is no evidence that the appellee produced any unjust constraint, or took any undue advantage of his situation. The appellant alleges, he was afraid of dying, and did not like to leave a lawsuic to his heirs, and therefore he made the contract. Whatever his motives to make the compromise might be, whether good or bad, wise or foolish, the ap-pellee had nothing to do with them ; nor can he be affected thereby, unless he had been the unjust instrument of producing them, which, in this case, we cannot perceive he was ; for there is nothing proved, to support such a presumption, but that he asserted his right, and said if he could not compromise'he would sue ; which he might lawfully have done : but this was not a new claim set up by the appellee, on the contrary, the appellant says that it had been asserted to him twenty or thirty times before. If, therefore, the motive assigned for making the compromise, viz. an unwillingness to leave a lawsuit as an inheritance to his children, and the fear of dying, was the real one, the appellant must have desired it as well without the appellee’s making the proposition as with if ; for nothing less than a release of his right by the appellee could have had the effect which the appellant states he so much desired.
Motivesindu-c!nS thc one howeverunwifo or ka eaDnot aa[e“ ⅛⅛⅛ was the unjuft inftrument of Fumy, 3 Pr. WmSi
act which clearly indi-cateE the affent ¡ja*e ™mdanc¿ perform a contract previously ^"confirmation*
Whmacom-Promiie two ^ade will not invefti. gate the relative ““‘⅛,'fo® the purpoie of fetting the a - greement afide*
If the parties to a comprcmife underftand the facts correctly, erroneous deductions of law from thole facts by a party would not be caufe of fettiag a(idc a compro» inife induced by thofe deductions.
*169But even if it were doubtful, on this view of the subject, whether the contract was freely made or not, the subsequent conduct of the appellant was tantamount to a confirmation of it. He went, a few days afterwards, *170with the appellee to Mr. Hardin; stated what was tfití intention of the contracting parties, his apprehension that, by some legal construction, the contract might be extended farther, so as to render him liable, as upon a general warranty, for the land which he had agreed to relinquish; requested Mr. Hardin to write another contract, if necessary, that should comport with the true agreement of the parties ; agreed to join in paying Hardin for his services in drawing a new contract, or for his advice upon the first one: and when informed by Mr. Hardin that the one already entered into was sufficiently expressive of his intention, he professed to be pleased and satisfied. This has been said to be no confirmation of the former contract, because it was not in writing. It is not believed by the court that any particular form of proceeding is necessary to operate as a confirmation ; it appears to us to be fully sufficient, if any act is done which clearly indicates the assent of the mind to stand by and perform the contract which had been previously entered into. When the agreement was thus given up, as it was in this instance to Mr. Hardin, for the purpose of entering into a new one, no doubt would have existed, that if a new one had been drawn and acknowledged, it would have been a confirmation 5. and there does not appear any difference, in reason, between acknowledging a new contract and reacknowledg-ing and professing to be satisfied with the old one, when correctly explained. That the appellant was satisfied with his contract also appears from his declaring that,, if left to pursue the dictates of his own mind, he would not have brought this suit j but that he had been persuaded to do so. So far he appears to have been capable of contracting, and willing to contract.
It might be etherwifeif the eompromife was predicated upon the miftake of a matter of fact, which, when correctly afcer-fi'ained, admitted of no dif-jpute or contrariety oí opinion.
The next enquiry is, was he misinformed on the subject matter of the contract, or did he understand it ? That he was deceived by any misrepresentation as to fact, by the appellee, does not appear. That he was under a misapprehension as to his adversary’s entry, has been strenuously contended by his counsel ; and they have endeavored to prove it by shewing that the. entry was not a valid one, or that if valid it would not cover the land in controversy. Here it may be remarked, that this was the very matter which the parties meant to settle. Whether the entry itself is valid, may de*171pend on testimony; and whether it would cover the land in controversy, depends on a proper construction of it,: it might or it might not, for any thing that appears to the court; and if the court were to travel into the investigation of the relative merits of the two claims, it would be doing the very thing the parties intended to avoid ; and it would be setting a precedent that would unsettle a great part, if not all the compromises that have taken place. The most rational men, and the best of judges, frequently disagree as to the proper construction that should be given to an entry; and it would be monstrous to say that parties, ten, fifteen or twenty years ago, should be presumed to have known and understood the construction which we this day give an entry, and should be bound by it; and surely the principle contended for would embrace this case ; for to a legal entry there can be but one lawful construction ; and if the parties would not be bound to take notice of what this should be in every case, they are not in any.
It is not necessary that either party should know what the legal effect of an entry would be j this is matter of legal deduction ; it is only necessary that they should know the existence of the facts, the evidences of each other’s claims, as the entry, survey, patent, &c. j and if they will judge of them for themselves, they may legally do so; and their judgment, when it results in an agreement between them, is past the control of this court. A mistake of the facts might, however, be very different; as, for example, if it we^e about a survey which was supposed to include land which it did not include : this would be a plain mistake of fact; a matter, when correctly ascertained, about which there could be no dispute ; nothing from which different conclusions could be drawn by different men. Unfortunately this is not the case with regard to entries. And in this ease, the appellant seems to have been particularly well informed on the facts, and well advised as to their legal effect. The subject, he admits, was not novel to him ; he also declares that he had been advised, and did believe, before the contract, that the appellee’s claim could never be established, so as to take any part of his land.
The objection, that the entry under which the appel-lee and his wife claim was forfeited on account of not being surveyed within the time limited, by law, does not *172appear to be supported or well founded ; on the contra, ry, it appears from the record that Mrs. Patrick, the; heir at law to Calloway, was a feme-covert, and as sqch, her entry was expressly saved by the last act of assembly in such cases made and provided. Upon the whole, the consideration was a lawful one the parties appear to have been capable of contracting, willing to contract, and to have understood the subject matter of the contract itself; and therefore this court cannot, with propriety, decree against their express stipulations.
Decree affirmed.