## CHARLES DUCK, A. T. NEILL AND J. W. DUCK v. E. H. ANTLE.

1. CONTRACT—*Consideration—Answer—Demurrer—Compromise of Foundationless Contest.*   The dismissal of a contest which the party asserting it knew was groundless and was without any cause, and which was being prosecuted for the sole purpose of extorting money from the homestead entryman, could be no consideration for a contract; and where it was alleged, in answer to a suit upon a promissory note and to foreclose a chattel mortgage given to secure the same, that the note was given as part of the consideration to dismiss a contest against the homestead entry of the defendant, which the plaintiff knew he had no right to maintain, and which was being prosecuted only for the purpose of extorting money from the defendant, it is *held* error to sustain a demurrer to this answer.

2. CONTRACT—*Consideration.* Also where it is alleged that a contest, the dismissal of which formed the sole consideration of the note, and it appears from the answer that the contract of compromise provided for the giving up of the possession of the land, and where no other right to such possession appeared than that which was asserted by virtue of the alleged foundationless and extortionate contest, an agreement to give up such possession of the land would be no consideration for the note.

*Error from the District Court of Payne County.*

Suit by Antle against Charles Duck, as principal, and J. W. Duck and A. T .Neill as sureties upon a promissory note, and to foreclose a chattel mortgage given to secure the same. Judgment for plaintiff, from which defendants appeal. Reversed.

*King & Hutto* and *Neill & Clark,* for plaintiffs in error.

*Robert A. Lowry,* for defendant in error.

The opinion of the court was delivered by

BIERER, J.: Antle brought his suit in the district court of Payne county to recover judgment against J. W. Duck, Charles A. Duck and A. T. Neill upon a promissory note given on April 3, 1895, for the sum of $85,due in ten days after date, with interest at 10 per cent. from maturity, and to foreclose a chattel mortgage given by J. W. Duck to secure this note.

The defendants filed their answer alleging that in the month of November, 1893, the plaintiff, for the purpose of defrauding the defendant, Charles A. Duck, and compelling him, the said Duck, to pay the plaintiff a sum of money, filed a contest against defendant's homestead entry on the southwest quarter of section 34, township 21, north of range 2, east of the Indian meridian. A copy of the contest affidavit was attached, showing that

it was one made on the ground of prior settlement. The answer alleged that this contest was absolutely groundless, and without any cause therefor, and that plaintiff knew he had no cause for filing said contest, but filed it for the purpose of extorting money from the defendant, Charles Duck. That the defendant having been annoyed by this contest for a long time, and put to great trouble and expense entered into a written contract with the plaintiff, which is set out as an exhibit to the answer. This contract provides that in consideration of the sum of $125 Antle should dismiss his contest on the land covered by the defendant, Duck's homestead entry, and give Duck immediate possession of the land; that Antle should be permitted to harvest the crop of oats planted by him, and then growing on the land; and further, permitted to remove a small house then upon the land, on or before the fifteenth of April, 1895, and to occupy the house until plaintiff should first pay a note of $85 executed the same day as the contract. The defendant alleging that he had paid on this contract the sum of $50, and that the note and mortgage sued on were given to secure the payment of the balance under the contract; and that the only consideration for the note and mortgage was the dismissal of plaintiff's contest; and that the defendant only agreed to pay plaintiff said sum in consideration of having his said land free and clear, and of having the quiet and peaceable possession thereof; that the plaintiff had no right whatever to the land, and the only object defendant had in paying the plaintiff to dismiss his said contest was to avoid litigation over the land, and to have his land free from contest and to have the quiet and peaceable possession thereof, and that defendant informed plaintiff of his said object in making the contract; that notwithstanding the

contract between the defendant Duck and the plaintiff, the plaintiff conspired with one William Gibson and John Antle to file a contest against defendant's homestead entry as soon as the plaintiff's contest was dismissed, and that in pursuance of this arrangement, and for the express purpose of forcing the defendant to pay them money to dismiss such contest to be filed on the dismissal of the plaintiff's contest, or submit to great annoyance, vexation and expense in defending said second fraudulent contest, William Gibson did, on the third day of April, on the dismissal of the plaintiff's contest, file another contest against the defendant's homestead entry, this second contest being on the ground of abandonment for more than six months next preceding that date. The defendant alleged that it was the agreement between the plaintiff and John Antle and William Gibson that they should divide the money received by plaintiff from defendant for the dismissal of the plaintiff's contest, and all assist in the contest thereafter to be filed against the homestead entry of the defendant. That the second contest was as groundless as the first one; and that it would cost the defendant as much to defend against it as would have the first contest, and defendant had therefore received nothing by virtue of his contract with the plaintiff, that the plaintiff should dismiss his contest. The defendant then asked for judgment against the plaintiff for $50 and costs.

To this answer a demurrer was filed, on the ground that it did not state facts sufficient to constitute a defense to plaintiff's cause of action. This demurrer was sustained, and judgment rendered for the plaintiff in the sum of $89.97, and for costs, and for the foreclosure of the chattel mortgage.

The sole question for our consideration is: Did this answer state a good defense? The contention of plaintiffs in error is that it did contain a good defense, because it alleged that the only consideration for this note was an agreement to compromise and dismiss a suit which was absolutely groundless and without any truth or merit in it, and which the plaintiff knew was without foundation and merit, and that the compromise was not a compromise made in good faith, and therefore could not be a good consideration for a promise.

The defendant in error does not oppose the contention that a compromise of a claim or suit, in order to be a good consideration for a contract, must be of a disputed claim or suit, which the party asserting it believed, in good faith, he had a right to maintain; so it will not be necessary for us to review this question at great length.

It is sufficient to say that we have found no case, and no text-book, which asserts that a contract, the sole inducement for which is the compromise of a foundationless and meritless claim or suit, a claim which has no foundation in either law or fact, and which the party asserting it knew he had no right whatever to assert or maintain and could not establish by a suit, has any consideration to support it.

The following cases, where compromises have been upheld, recognize the doctrine that while the compromise of a controversy or claim is a good consideration for a contract, such compromise must be of a *bona fide* controversy or disputed claim: *The Atchison, Topeka & Santa Fe R. R. Co. v. Starkweather*, 21 Kan. 322; *Feeter v. Weber*, 78 N. Y. 334; *Grasselli v. Lowden*, 11 Ohio St. 349; *Union Bank of Georgetown v. Geary*, 5 Peters, 98; *Jeffries v. Mutual Life Insurance Company of New York*, 110 U. S. 305; *Hennessy v. Bacon*, 137 U. S. 78.

In deciding the case of *McKinley v. Watkins*, 13 Ill. 140, Mr. Justice Trumbull used this clear and forcible language on this proposition:

"The instruction in other respects is very nearly, if not quite, correct. It assumes that, in order to support the promise, there must have been a horse trade between the parties, out of which a difficulty had arisen, and that the plaintiff was threatening to sue the defendant, and not deceiving him by any misrepresentations. If by this is to be understood, that that the plaintiff must in good faith have supposed that he had a good cause of action against the defendant, growing out of the horse trade, the instruction is strictly proper. It is immaterial whether the plaintiff could have recovered in such action or not. If he honestly supposed that he had a good cause of action, the compromise of such right was a sufficient consideration to uphold a contract fairly entered into between the parties, irrespective of the question as to who was in the right. It has often been decided that the compromise of a doubtful right is a sufficient consideration for a promise; and it is immaterial on whose side the right ultimately turns out to be, as it must always be on one side or the other, because there can be but one good right to the same thing. (*Taylor v. Patrick*, 1 Bibb, 168; *Russell v. Cook*, 3 Hill, 504; *Moore v. Fitzwater*, 2 Rand. 442; *O'Keson v. Barclay*, 2 Penn. Rep. 531).

"If the plaintiff was threatening to sue on a claim which he knew was wholly unfounded, and which he was setting up as a mere pretence to extort money from the defendant, a contract founded on a promise not to sue in such a case would be utterly void. In order to support the promise there must be such a claim as to lay a reasonable ground for the defendant's making the promise, and then it is immaterial on which side the right may ultimately prove to be. (*Edwards v. Baugh*, 11 Mees. & Wels. Rep. 641; *Perkins v. Gay*, 3 Serg. & Rawle,

331).   The judgment of circuit court is reversed and the cause remanded."

In the case of *Long v. Towl*, 42 Mo. 545, 97 Am. Dec. 355, the law is stated thus:

"Dismissal of suits palpably unjust forms no adequate consideration for a promise.   To make the settlement of assumed rights a sufficient consideration for a promise, there must be at least an appearance of right sufficient to raise a possible doubt in favor of the party asserting the claim."

In the case of *Fire Insurance Association, Limited, v. Wickham*, 141 U. S. 564, where a previous compromise and settlement was set up as a defense to plaintiff's claim for insurance, the court, upon the principle which underlies the validity of all contracts as a result of the compromise of disputes, said:

"If there be a *bona fide* dispute as to the amount due, such dispute may be the subject of a compromise and payment of a certain sum as a satisfaction of the entire claim, but where the larger sum is admitted to be due, or the circumstances of the case show that there was no good reason to doubt that it was due, the release of the whole upon payment of part will not be considered as a compromise, but will be treated as without consideration and void."

Now, in the case at bar, the defendant alleges that the case which was compromised between the plaintiff and the defendant, Charles Duck, and which compromise he alleges was the only consideration for this note, was known by the plaintiff to be absolutely groundless, and without any cause therefor, and was being prosecuted by the plaintiff for the purpose of extorting money from the defendant.   The compromise of such a suit as that could certainly be no consideration for a promise.   The courts are not open for the assistance of bloodsuckers and extortioners, which the plaintiff, by his demurrer to this

answer, and for the purpose of this case, admits himself to be.

The defendant in error, however, contends that the giving up of the possession of the land, and the conveyance to Duck of the improvements on the land, was a sufficient consideration for the note. In answer to this, in the first place, it is to be observed that the answer alleged that the dismissal of the contest was the only consideration for the note. In the second place, if the terms of the contract are considered most strongly against the pleader, then, although the contract does provide for the plaintiff's giving to Duck the immediate possession of the land, yet if the other allegations of the answer are true—and for the purposes of the consideration of the demurrer thereto they must be considered as true—then the defendant had no more right to the possession of the land than he had to maintain the contest. If he had no contest against the entryman which gave him a right to the occupancy of the land, then he was a mere trespasser. (*Sproat v. Durland*, 2 Okla. 24.) and we might further say, and within the allegations of the answer, if they are to be taken most strongly against the defendant, and keep within the legitimate terms thereof, he was a trespasser for the mere purpose of extorting money from the defendant to get him to quit and leave the land.

While the giving up of a right of possession of land, whether it be held under homestead entry or by perfect title, may undoubtedly constitute a sufficient consideration for a contract, we cannot assent to the proposition that a trespasser could go upon the land of another for the mere purpose of extorting money from the rightful possessor, and as an inducement to give up such wrongful

possession, and enter into a contract to receive money for quitting such possession, and than have such a contract enforced in a court of law or equity. This claim must fall under the strong and irresistible allegation made in the answer as to the character of the plaintiff's claim to this land, for the part of the contract to give up the possession of the land on the compromise could carry with it no more force than the part of the contract relating to the dismissal of the contest.

Lastly, as to the claim that the conveyance of the plaintiff's improvements on the land constituted a good consideration for this contract, it is sufficient to again observe that the answer alleges that the dismissal of the contest was the only consideration for this compromise, and that the contract itself, considered in the same manner as to the last proposition, contains no condition whereby the defendant was to receive any improvements, but the only improvements mentioned in the contract were by the plaintiff to be removed from the land.

In our judgment this answer does state a good defense to this note and mortgage, and the demurrer to it should have been overruled. The judgment is therefore reversed and remanded for further proceedings.

Dale, C. J., having presided in the court below, not sitting; all the other Justices concurring.