HULEN v. TRUITT.

No. 29567. Sept. 24, 1940.

Rehearing Denied Dec. 24, 1940.

*108 P. 2d 170.*

John M. Goldesberry and Gerald B. Klein, both of Tulsa, for plaintiff in error.

Albert L. Reeves, Jr., of Kansas City, Mo., and Dudley, Hyde, Duvall & Dudley, of Oklahoma City, for defendant in error.

OSBORN, J. This action was instituted in the district court of Tulsa county by Hugh E. Hulen, hereinafter referred to as plaintiff, against Max O'Rell Truitt, hereinafter referred to as defendant, wherein the plaintiff sought to recover the sum of $1,000, together with interest thereon. After the petition was filed, the cause was transferred to the court of common pleas of Tulsa county, where the same was tried. Defendant was a nonresident of Oklahoma, and plaintiff procured an order of attachment against certain real property owned by defendant and located in Tulsa county. Defendant entered his appearance and gave bond to release the attachment. The cause went to trial, and plaintiff introduced his evidence. Defendant interposed a demurrer thereto which was sustained, the attachment was dissolved, and judgment entered in favor of defendant. From said judgment this appeal has been perfected.

Plaintiff was a brother of Utie L. Moore, now deceased. He alleged that prior to her death she and her husband, Walter A. Moore, were indebted to him in the sum of $4,000; that Paul T. Truitt, Evelyn Truitt Buddemeyer, Mary Althea Truitt, and the defendant were nieces and nephews of Utie L. Moore, deceased; that Utie L. Moore left a will devising all of her property to said nieces and nephews; that the will was admitted to probate and that plaintiff was executor thereof at the time the estate was distributed thereunder. It was further alleged that in consideration of the plaintiff foregoing the filing of a claim for the said $4,000 against the estate of Utie L. Moore, deceased, defendant, together with the above named devisees of Utie L. Moore, agreed to pay plaintiff the sum of $4,000, or $1,000 each, when the estate was distributed; that in pursuance of said agreement all of said devisees except defendant paid to said plaintiff the sum of $1,000 each and that this defendant failed and refused to do so. It was to enforce the payment of said sum that this action was instituted.

From the record it appears that in 1929 Walter A. Moore was indebted to the First National Bank of Tulsa in the amount of $60,000 upon a promissory note. Utie L. Moore did not sign said note and no claim is made that the same was then a legal binding obligation against her or her estate. It appears that plaintiff loaned Walter A. Moore bank stock of the value of $10,000 which Moore posted as additional collateral security for the loan from the First National Bank. Thereafter the bank foreclosed all of the collateral securing said note, but about June 1, 1936, plaintiff negotiated a settlement with the bank whereby it released to him the bank stock which he had loaned to Walter A. Moore, and which had been used as security, upon payment by plaintiff to the bank of the sum of $4,000. Thus the obligation, a part of which is the subject matter of this suit, was incurred.

Utie L. Moore died on March 12, 1933. About June 1, 1936, plaintiff wrote a letter in which he requested defendant and the other nieces and nephews above named to reimburse him for the $4,000 hereinabove referred to, in which letter he stated that "Utie told me several times that she would see that I did not lose anything in the deal." Walter A. Moore died on August 17, 1936, and plaintiff was appointed his executor. His estate was insolvent. On November 12, 1936, plaintiff filed a claim against the estate of Walter A. Moore for the sum of $4,735.35, which included the $4,000 involved herein. Plaintiff testified, however, that he filed a claim merely to protect his interests and had no intention of collecting the same from the insolvent estate of Walter A. Moore.

Plaintiff's cause of action is predicated upon correspondence consisting of letters and telegrams. Some of these letters and telegrams which purport to recognize the obligation herein involved were received from Paul T. Truitt. An effort was made at the trial to establish an agency between Paul T. Truitt and the defendant in order that said statements contained in the correspondence would be binding as against the defendant. We do not find it necessary to set out in full all of this correspondence nor to place an interpretation upon language contained therein which plaintiff relies upon as a recognition of the obligation herein involved and a promise to pay the same. The principal argument of the defendant is that, assuming there was such a promise in writing, the same is invalid and unenforceable for lack of consideration. We will therefore address ourselves to this proposition of law.

As heretofore stated, the original obligation herein involved was not signed by Utie L. Moore. The original debt was a debt of Walter A. Moore. It is noted that Utie L. Moore died more than three years prior to the death of Walter A. Moore; that she left a will making no provision for payment to plaintiff of the obligation herein involved. Plaintiff introduced certain evidence, however, to the effect that all of the property owned by Walter A. Moore and Utie L. Moore was acquired during coverture and that no issue was born as a result of their

marriage, and that under the succession statutes (sec. 1617, O. S. 1931) Walter A. Moore would be entitled to inherit all of the property of Utie L. Moore, and that the will was invalid by virtue of the provisions of section 1539, O. S. 1931, 84 Okla. St. Ann. § 44, which is as follows:

"Every estate in property may be disposed of by will; provided, however, that a will shall be subservient to any antenuptial marriage contract in writing; *but no spouse shall bequeath away from the other so much of the estate of the testator that the other spouse would receive less in value than would be obtained through succession by law;* provided, further, that no person shall by will dispose of property which could not be by the testator alienated, encumbered or conveyed while living, except that the homestead may be devised by one spouse to the other."

Plaintiff directs our attention to the following statutes: Section 9440, O. S. 1931, 15 Okla. St. Ann. § 106, which is as follows:

"Any benefit conferred, or agreed to be conferred upon the promisor, by any other person, to which the promisor is not lawfully entitled, or any prejudice suffered or agreed to be suffered by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor, is a good consideration for a promise."

Section 9441, O. S. 1931, 15 Okla. St. Ann. § 107, is as follows:

"An existing legal obligation resting upon the promisor, or a moral obligation, originating in some benefit conferred upon the promisor, or prejudice suffered by the promisee, is also a good consideration for a promise, to an extent corresponding with the extent of the obligation, but no further or otherwise."

These statutes were construed in the case of Fenner v. Sparks, 170 Okla. 556, 39 P. 2d 27, wherein it was held:

"A doubtful or disputed claim honestly and in good faith asserted, arising from a state of facts upon which a cause of action can be predicated, with reasonable belief of the party asserting it, and concerning which an honest controversy may arise, is sufficient to constitute a good consideration for a contract of compromise and settlement, although it may subsequently develop that such a claim was ·unfounded."

Plaintiff contends that he in good faith believed that he had a right to proceed against the estate of Utie L. Moore in an attempt to enforce the obligation incurred by Walter A. Moore upon the theory that Walter A. Moore was a forced heir of Utie L. Moore by virtue of the provisions of section 1539, supra, and that he, as a creditor of Walter A. Moore, might, therefore, challenge the validity of the will devising all of the property of Utie L. Moore to persons other than the husband. Plaintiff asserts that the relinquishment of his right to proceed against the estate of Utie L. Moore, under the authorities hereinabove referred to, constituted consideration for the alleged promise on the part of defendant to pay the indebtedness incurred by Walter A. Moore.

The defendant, however, relies upon the rule announced in the case of Bradstreet v. Crosbie, 123 Okla. 269, 253 P. 63, wherein it was held:

"The forbearance to pursue a valueless right of action against an insolvent corporation, destitute of assets, cannot constitute a consideration for the assumption by a third party of a debt for which he is not otherwise liable."

In the case of Duck et al. v. Antle, 5 Okla. 152, 47 P. 1056, it was said:

"It is sufficient to say that we have found no case, and no text-book, which asserts that a contract, the sole inducement for which is the compromise of a foundationless and meritless claim or suit, a claim which has no foundation in either law or fact, and which the party asserting it knew he had no right whatever to assert or maintain and could not establish by a suit, has any consideration to support it.

"The following cases, where compromises have been upheld, recognize the doctrine that while the compromise of a controversy or claim is a good consideration for a contract, such compromise must be of a bona fide controversy or disputed claim. (Citing cases.)"

In the body of the opinion in the case of Coates v. Frst National Bank & Trust Co., 176 Okla. 322, 55 P. 2d 441, appears the following:

"And from Long v. Towl, 42 Mo. 545:

" 'Dismissal of suits palpably unjust forms no adequate consideration for a promise. * * * to make the settlement of assumed rights a sufficient consideration for a promise, there must be at least an appearance of right sufficient to raise a possible doubt in favor of the party asserting the claim.' "

In the case of Harden v. Harden, 201 Ky. 310, 256 S. W. 417, 38 A.L.R. 756, it was said:

"Hence, we cannot agree that the cases holding good faith alone sufficient to support a settlement contract are the better considered or reasoned cases. Nor is that position supported by the weight of authority. It is stated in 12 C. J. 327: 'While there is some authority to the effect that the compromise of a disputed claim will support an express promise, although the claim is without merit or foundation, particularly where an action has been instituted, the surrender of a claim which is entirely without foundation, either in law or in equity, does not, according to the weight of authority, afford a sufficient consideration for a compromise.' * * *

"In another case it was held that the compromise claim must be one about which reasonable men at the time may have entertained a substantial doubt. Western & Southern L. Ins. Co. v. Quinn, 130 Ky. 397, 113 S. W. 456. And in Cline v. Templeton, 78 Ky. 550, and Sellars v. Jones, 164 Ky. 458, 175 S. W. 1002, it was held that forbearance to sue on a claim clearly groundless is not a sufficient consideration to support a contract, which is the precise question we now have for decision."

We deem these authorities to be controlling on the question of consideration. No authority is cited by plaintiff in support of his position that he may proceed against the estate of Utie L. Moore, deceased, in an attempt to recoup the losses sustained in the transaction with Walter A. Moore. Under our authorities he may not attack the will of Utie L. Moore on the ground that it is violative of section 1539, supra. Such an attack would have to be made by the surviving spouse, or those in privity with him.

In the case of Appeal of Baker's Estate, 170 Okla. 595, 41 P. 2d 640, it was said:

"Under a system like ours, we know of no theory or rule of law under which a widow would be compelled to take under the law of descent and distribution if she preferred to take under the will of her husband. She undoubtedly has the right to elect under which she will take, and, having elected, there is no ground on which anyone else may complain."

Approximately three years had elapsed from the date of the death of Utie L. Moore until Walter A. Moore died, during which time he did not contest or challenge in any way the validity of her will as to him nor elect to take under the law, which, under the provisions of section 1539, supra, he had a right to do. In the case of Stevens v. Rogers, 180 Okla. 305, 68 P. 2d 821, it was said:

"However, it is well settled that a surviving spouse may be held to have elected to take under the will rather than the law, where there are acts showing acceptance and acquiescence and an intention to make an election. The party, by his conduct, may be estopped to deny this election. (Citing cases.)"

We therefore hold that plaintiff's purported claim against the estate of Utie L. Moore is wholly without foundation and that a relinquishment of his right to proceed against said estate constituted no consideration whatever for any promise which might have been made by the defendant to pay a share of the indebtedness incurred by Walter A. Moore.

The trial court did not err in sustaining a demurrer to the evidence. Having taken this view of the matter, it becomes unnecessary to consider other assignments of error.

The judgment is affirmed.

RILEY, CORN, GIBSON, HURST, DAVISON, and DANNER, JJ., concur. BAYLESS, C. J., and WELCH, V. C. J., absent.