**POWERS RESTAURANTS, INC.,**
Plaintiff in Error,

v.

Dearil G. GARRISON, d/b/a Dearil Garrison Trash Company, Defendant in Error.

No. 42725.

Supreme Court of Oklahoma.

Feb. 24, 1970.

Farmer, Woolsey, Flippo & Bailey, Tulsa, for plaintiff in error.

Swanson & Montgomery, Tulsa, for defendant in error.

BERRY, Vice Chief Justice.

Defendant in error, as plaintiff, brought an action to recover a money judgment for services rendered to Powers "1800" Restaurant, Inc. Powers "1800" Restaurant, Inc. and Powers Restaurants, Inc. were joined as party defendants. The demurrer to the petition interposed by defendant Powers Restaurants, Inc. was overruled by the trial court, and it elected to stand upon its demurrer. The trial court entered judgment against Powers Restaurants, Inc., and this defendant perfected the appeal.

Plaintiff alleged services had been furnished Powers "1800" Restaurant, Inc. for which defendants were indebted, the account ($340.00) being due and owing despite demand for payment. Further, plaintiff was recipient of a letter, executed by an officer of the corporate debtor, stating:

"September 22, 1966
"Dearil Garrison
623 West 37th Place
Tulsa, Oklahoma 74107
Gentlemen:
Powers '1800' Restaurant, Inc., on the 24th day of September, is turning over all of the physical assets (except food) to the Dale Carter Lumber Company in exchange for the lease and cancellation of a Ninety thousand dollar ($90,000.00) note and chattel mortgage, which is secured by the physical assets of said corporation. Powers '1800' Restaurant,

Inc., is also assigning the leased premises to the Dale Carter Lumber Company.

All creditors will be paid in due time by Powers Restaurants, Inc.

A schedule of assets and list of creditors is available at the Dale Carter Lumber Company office or by contacting Donald G. Powers, 5515 East Skelly Drive, Tulsa, Oklahoma 74134, NA 2-1350.

As this is a transfer in settlement of a security interest it is done in connection with the Statutes of the State of Oklahoma as a Bulk Sale.

POWERS '1800' RESTAURANT, INC.
By /s/ Donald G. Powers
Donald G. Powers, Secretary"

This letter was upon a letterhead of Powers Restaurants, Inc.

Defendant's demurrer to the petition alleged lack of a cause of action, no written promise to pay, and that this purported memorandum was without consideration. The trial court overruled the demurrer and defendant filed written notice of election to stand thereon. The trial court then entered judgment for plaintiff and defendant perfected this original record appeal.

Defendant contends the trial court erred in overruling the demurrer since the written memorandum (letter) was insufficient to take the contract outside the Statute of Frauds, 15 O.S.1961, § 136 which provides, in pertinent part:

"The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or by his agent:

\*    \*    \*    \*    \*    \*

"2. A special promise to answer for the debt, default or miscarriage of another, except in the cases provided for in the article on guaranty."

Defendant urges the letter was insufficient because not signed by the party to be charged, contained no promise to pay, and no consideration was pleaded or shown.

The argument based upon lack of consideration is dispositive of the cause, and no discussion is required as to whether the written memorandum contained a promise to pay, or was so executed as to be binding upon defendant.

In an effort to support the trial court's action plaintiff relies upon the statutory definition (15 O.S.1961, § 106) of consideration, coupled with the principle that forebearance to sue upon a 'past due obligation is consideration for a new promise to pay. Plaintiff then advances the argument that suit was not filed until eight months after the above letter was written, which was forebearance of the right to bring suit and constituted good consideration for defendant's promise.

By statute (15 O.S.1961, § 2) consideration is an essential element of a valid contract. A promise made without supporting consideration is unenforceable. Louthan v. Johnson, 111 Okl. 170, 239 P. 173. Numerous decisions have defined consideration. Generally where there is any benefit to the promisor or detriment to the promisee consideration exists. Ball v. White, 50 Okl. 429, 150 P. 901. However, as early as Duck v. Antle, 5 Okl. 152, 47 P. 1056, it was declared a claim without foundation in law or fact and which the party asserting knew he had no right to assert or maintain and could not establish by suit, could not serve as consideration for a contract. This principle has been recognized in Bradstreet v. Crosbie, 123 Okl. 269, 253 P. 63; Hulen v. Truitt, 188 Okl. 296, 108 P.2d 170, and numerous cases. This question was considered most recently in Brown v. Holden, Okl., 410 P.2d 528, wherein this rule was stated in the syllabus:

"The written memorandum required by the statute of frauds to create liability for the debt, default or miscarriage of another must contain a promise to pay as well as being based upon a sufficient consideration."

Although not otherwise shown, it may be assumed from the pleadings plaintiff had demanded payment for services rendered. After this demand defendant advised plaintiff all assets of the debtor (Powers "1800" Restaurant, Inc.) had been transferred to a named principal creditor, as a Bulk Sale transaction in settlement of a security interest. At that time plaintiff's only interest existed simply as a listed creditor of the corporate debtor. This interest vested no greater right in plaintiff than the unenforceable negotiable note involved in Crosbie, supra, or the unenforceable claim involved in Truitt, supra. In each case cited, relinquishment of a right to proceed unequivocally was declared not to constitute consideration for any promise which might have been made relative to assumption or discharge of the original debt.

When measured by principles involved under the requirement that consideration must exist for the contract, or promise, claimed to have taken a transaction outside the statute of frauds, it is apparent the trial court erred in overruling defendant's demurrer. Plaintiff's claim was unenforceable against Powers "1800" Restaurant, Inc. until such time as extent of plaintiff's rights to share in distribution of the assigned property had been determined. The alleged written promise by defendant to answer for this debt did not purport to provide any benefit to defendant. Plaintiff suffered no detriment, since nothing of value was paid for the alleged promise, and defendant did not release the claim held as a creditor of Powers "1800" Restaurant, Inc. Defendant's demurrer presented this issue as to lack of consideration. The trial court erred as a matter of law.

The judgment is reversed and cause remanded to the trial court with directions to set aside the judgment and the order overruling defendant's demurrer, and to enter judgment sustaining the demurrer.

IRWIN, C. J., and DAVISON, WILLIAMS, BLACKBIRD, JACKSON, HODGES and LAVENDER, JJ., concur.