Dear Honorable Little,
The Attorney General has received your request for an official opinion asking, in effect:
 May a county-beneficiary public trust transfer assets to another county-beneficiary public trust?
There are actually two types of asset transfers which must be discussed in answering your opinion request. A public trust in Oklahoma with a political subdivision as its beneficiary is specifically authorized by statute to convey both real and personal property. Title 60 O.S. 178.9
(1981) provides as follows:
 "Any estate in real and/or personal property may be acquired and held in the name of a public trust. Where so acquired, any conveyance, assignment or other transfer shall be made in the name of such trust by the president or chairman of said trust, whichever the case may be, notwithstanding the number of trustees of such trust, attested by the secretary or assistant secretary of such trust, with the seal of the trust affixed thereto."
This type of transfer clearly contemplates a transfer of public trust assets in exchange for money or money's worth. This situation would be no different than any other contractual arrangement to transfer property. It is, of course, elementary that any such contract requires some type of consideration to make the contract enforceable. Consideration is an essential element of a valid contract. Powers Restaurants, Inc. v.Garrison, 465 P.2d 761 (Okla. 1970); 15 O.S. 2 (1981). Whether a particular public trust contract or conveyance was supported by sufficient consideration is a question of fact. See, e.g., Morrison v. ArdmoreIndustrial Development Corporation, 444 P.2d 816 (Okla. 1968). In addition, the trustee's duty to exercise the care and prudence as one would use with his or her own property would dictate obtaining adequate consideration. Pipkin v. Pipkin, 393 P.2d 534 (Okla. 1964). A public trust, therefore, may transfer its assets pursuant to the precise language of 60 O.S. 178.9 (1981) as long as it is supported by sufficient consideration.
The second type of transfer of assets of a public trust could arise through a termination of the trust itself. Title 60 O.S. 180 (1981) provides a method by which the trust may terminate:
 "(a) Any such trust may be terminated by agreement of the trustee, or, if there be more than one, then all of the trustees, and the governing body of the beneficiary, with the approval of the Governor of the State of Oklahoma; provided, that such trust shall not be terminated while there exists outstanding any contractual obligations chargeable against the trust property, which, by reason of such termination, might become an obligation of the beneficiary of such trust.
 "(b) Nothing in this act shall operate to impair existing obliga tions of contracts or existing trust indentures of any trust created prior to the effective date of this amendment; but to the extent that such existing obligations of contracts are not impaired by the pro visions hereof, all of said provisions shall be applicable . . ."
Again, according to the precise language of 60 O.S. 180 (1981) a trust may be terminated pursuant to an agreement reached by the trustees of the public trust and the governing body of the beneficiary of the public trust. Such agreement must also be approved by the Governor. The last proviso prevents such a termination from occurring as long as contractual obligations exist which are chargeable against the trust property. This is consistent with the common law principle that a trust may be terminated if the settlor and beneficiaries agree to do so. IV Scott onTrusts, § 367, pp. 2842-2843 (3rd ed. 1967); Hurst v. Kravis,333 P.2d 314 (Okla. 1958). The original trust indenture will control how remaining property is to be distributed. IV Scott on Trusts, § 347.1 (3rd ed. 1967) pp. 2751-2753; In re Wellman's Will, 127 A.2d 279 (Vt. 1956).
It is, therefore, the official opinion of the Attorney Generalthat:
 1. A public trust may transfer trust assets to another public trust pursuant to 60 O.S. 178.9 (1981) if the transfer is supported by sufficient consideration. The presence of sufficient consideration is a question of fact which may not be determined as a matter of law.
 2. The assets of a public trust may be transferred to another public trust where the transferring trust is being terminated and where the transfer is authorized by the original trust indenture of the terminating trust. Pursuant to 60 O.S. 180 (1981), the trust may be terminated by agreement of the trustees and the governing body of the beneficiary of the public trust together with the approval of the Governor.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
THOMAS L. SPENCER, ASSISTANT ATTORNEY GENERAL