**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**ESTATE OF FUIMAONO TUINANAU, SAPATI FUIMAONO, ESTATE OF ISUMU LEAPAGA, TUI TULIMASEALII, MATIUA TULIMASEALII, TAPUOLO TANIELU, IONA LAINEI, ETI LEFEILOAI, FEAGI LEFEILOAI, and JOHN DOES 1-10, Defendants**

High Court of American Samoa
Land and Titles Division

LT No. 30-94

September 5, 1995

Before RICHMOND, Associate Justice, BETHAM, Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiff, Henry W. Kappel, Assistant Attorney General
For Defendants Estate of Fuimaono Tuinanau, Sapati Fuimaono, Tapuolo Tanielu, Eti Lefeiloai, and Feagi Lefeiloai, Charles V. Ala`ilima
For Defendants Estate of Isumu Leapaga, Tui Tulimasealii, and Matiua Tulimasealii, Afoa L.S. Lutu

Order Granting Motion for Summary Judgment:

## BACKGROUND

This action was brought by plaintiff American Samoa Government ("ASG") to evict defendants from a 74.25 acre plot of land known as Plot 3 ("the premises") located in Tafuna, American Samoa.

ASG now plans to construct several public facilities on the premises in the area where defendants have constructed houses and other improvements. ASG notified defendants to vacate this area and remove their houses, but they continue to occupy the premises, contending that ASG does not have legal title to the premises.

The premises were included in the eminent domain proceedings to acquire land for development of the Pago Pago International Airport in Tafuna. First, in land ownership proceedings, LT 16-1957 (Apr. 11, 1958), this court determined that the Fagaima family, who is not a party to this action, owned the premises. Then, in the condemnation proceedings, LT 15-1959 (Dec. 28, 1959), ASG obtained fee simple title to approximately 550.83 acres, which included the premises. This condemnation, which had the legal effect of transferring title to ASG, was affirmed on appeal in AP No. 11-1960 (May 31, 1960). On January 12, 1960, ASG paid Punefu Siania $13,476.86, on behalf of the Fagaima family, as compensation for the premises.

Defendant Isumu Leapaga ("Isumu") challenged the condemnation in this court, which confirmed the validity of the condemnation proceeding and granted summary judgment on behalf of ASG. *American Samoa Gov't v. Isumu*, 4 A.S.R. 141 (Land & Titles Div. 1974).[1]

## PROCEDURAL HISTORY

On November 23, 1994, ASG filed a complaint for trespass and injunctive relief with this court naming Sapati Fuimaono ("Sapati"), Tapuolo Tanielu ("Tanielu"), Tui and Matiua Tulimasealii (collectively "Tulimasealii"), Isumu, Iona Lainei ("Lainei"), Eti and Feagi Lefeiloai (collectively "Lefeiloai"), and John Does 1-10 as defendants. On December 28, 1994, Isumu and Tulimasealii filed an answer. On December 30, 1994, Sapati, Tanielu, and Lefeiloai moved for joinder of the Estate of Fuimaono Tuinanau ("the Fuimaono Estate") as a necessary party defendant, pursuant to T.C.R.C.P. 19(a). On February 24, 1995, we granted this motion and issued the written order on April 18, 1995, the same day counsel submitted it. On May 12, 1995, the Fuimaono Estate, Sapati, Tanielu, and Lefeiloai filed an answer.

On May 18, 1995, ASG filed a motion for summary judgment with accompanying affidavits against all defendants other than Lainei, who has not yet filed an answer or otherwise appeared in this action. Lainei is not included when defendants are generically referenced below. On July 26, 1995, Isumu and Tulimasealii filed a motion in opposition to summary judgment. Two days later, the motion came regularly for hearing, and all parties concerned were represented by counsel.

During this hearing, the court pointed out that Isumu is also deceased and his Estate should be joined as party defendant in lieu of Isumu. No counsel objected to this procedural step. Thus, on the court's own motion, we will now join the Estate of Isumu Leapaga ("the Isumu Estate") as a *necessary party defendant in substitution of Isumu.*

## STANDARD OF REVIEW

Summary judgment is appropriate where the pleadings and supporting papers show "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." T.C.R.C.P.

---

[1]  In *Isumu*, the court granted summary judgment on behalf of ASG in its action to evict Isumu from Plot 3, and Fuimaono Tuinanau ("Fuimaono") from Plot 3 and Plot 6, as well as four other parties not involved in this action.

189

56(c), which mirrors F.R.C.P. 56(c). In ruling on such a motion, the court must view all pleadings and supporting papers in the light most favorable to the opposing party, *D. Gokal & Co. v. Daily Shoppers Inc.*, 13 A.S.R.2d 11, 12 (Trial Div. 1989) (*citing United States v. Diebold*, 369 U.S. 654 (1952)), treat the opposing party's evidence as true, and draw from such evidence the inferences most favorable to him. *Lokan v. Lokan*, 6 A.S.R.2d 44, 46 (Trial Div. 1987). That is, the facts must be "beyond dispute," and the non-moving party's factual assertions, supported by evidence such as affidavits, are presumed to be true. *Ah Mai v. American Samoa Gov't (Mem.)*, 11 A.S.R.2d 133, 136 (Trial Div. 1989).

## DISCUSSION

### I. *ASG is Fee Simple Title Holder*

Defendants claim that the premises were never conveyed to ASG and since they have cultivated crops, built structures, and otherwise occupied the premises continually for over 50 years, they should not be removed from the premises. This is incorrect.

This court, in the L.T. No. 15-1959 condemnation judgment, decreed that the land involved, including the premises, was "condemned in fee simple and the ownership thereof in fee simple vested in the Government of American Samoa." This judgment was affirmed in A.P. No. 11-1960 and was further upheld in *Isumu*, 4 A.S.R. 141 (granting summary judgment on behalf of ASG in an action to evict Isumu, Fuimaono, and others from the premises), *Meredith v. American Samoa Gov't*, 2 A.S.R. 2d 66 (Land & Titles Div. 1985), *aff'd*, AP 23-85 (1986), and *American Samoa Gov't v. Meredith*, *supra*, 28 A.S.R. 10 (Land & Titles Div. 1995). "[O]nce land is condemned for a public purpose, title vests in the government in fee simple." *Meredith*, 2 A.S.R.2d at 67.

Even if defendants have occupied the premises for many years, they have been trespassers, and their refusal to accept these judgments does not give them any interest in the premises.

### II. *Res Judicata*

Defendants' assertion that they have a legal interest in the premises is barred by res judicata. "The sum and substance of the whole doctrine [of res judicata] is that a matter once judicially decided is finally decided." *Massie v. Paul*, 92 S.W.2d 11, 14 (Ky. 1936). As discussed above, several cases over the past 35 years have established ASG as fee simple

190

title holder of the premises. Specifically, AP No. 11-1960 affirmed the condemnation judgment and barred any further action by res judicata.

The Isumu Estate and Tulimasealii argue that they deserve to have a day in court since *Isumu*, 4 A.S.R. 141, which in part evicted Isumu from the premises, was decided on summary judgment. The purpose of summary judgment is to determine whether or not any genuine issues exist and "not to cut litigants off from their right of trial if they really have issues to try." *Sartor v. Arkansas Gas Corp.*, 321 U.S. 621, 627 (1943). In *Isumu*, this court granted summary judgment because no genuine issues of material fact existed, and for the court to conduct a trial without such issues would only hinder judicial economy and prejudice ASG.

■ The Fuimaono Estate, Sapati, and Lefeiloa`i argue that the LT No. 15-1959 condemnation proceeding was inadequate because it lacked notice and failed to follow proper procedures. This claim is identical to the issue raised in *Isumu*, where the court held that the claim is not only unsupported by facts or law, but is also improper because "a collateral attack on a condemnation judgment will be heard only when the judgment is attacked as void, and not merely technically defective." *Id.* at 143.

*III. Use of Land for Stated Purpose*

The Isumu Estate and Tulimasealii assert that even if ASG legally condemned the premises in 1959, it should revert back to the original owner since ASG did not utilize the premises for the stated purpose in accordance with A.S.C.A. § 37.2001(b). This assertion is legally incorrect.

Although A.S.C.A. § 37.2001(b) forces ASG to return condemned land if not used for the stated public purpose within five years after condemnation, it is not applicable in this matter because it was not enacted until 1988, when § 37.2001 was amended to include this requirement. Previous to this amendment, neither the American Samoa Code nor the original Constitution of American Samoa nor the Revised Constitution of American Samoa contained any language that required the ASG to use condemned land within a specific term of years.

■ Moreover, A.S.C.A. § 37.2001(b) does not have retrospective effect. Whether a statute operates retrospectively or prospectively only is one of legislative intent. *Poston v. Clinton*, 406 P.2d 623, 626 (Wash. 1965) (court applied a strict rule of construction against a retrospective operation). Because A.S.C.A. § 37.2001(b) has no controlling effect over

the 1959 condemnation judgment, ASG is not required to return the land to the original owners. For the sake of discussion, even if section 37.2001(b) applied, the premises would revert back to the Fagaima family and not the defendants.

*IV. Adverse Possession*

Defendants assert that even if the prior court decisions are valid, title to the premises has transferred to them by adverse possession. This claim is without merit.

■ It is a generally recognized principal of law that title to public premises cannot be acquired by adverse possession. *Kempner v. Aetna Hose, Hook & Ladder Co.*, 394 A.2d 238, 239 (Del. 1978). A.S.C.A. § 37.0120(a) permits title to confer by adverse possession to a party who has had "actual, open, notorious, hostile, exclusive and continuous occupancy" for 30 years, but this statute does not apply to land owned by ASG, because the statute of limitations for adverse possession does not run against the government. *Anderson v. Vaivao*, 21 A.S.R. 2d 95, 105 (App. Div. 1992).

*V. Verbal Promises*

An affidavit by Emma Randall, Isumu's daughter, accompanied the opposition to a summary judgment by the Isumu Estate and Tulimasealii and claimed that Governor A.P. Lutali, on three separate occasions, promised to return the premises to Isumu or his heirs as the rightful owner. These promises are not based on valid consideration and are unenforceable.

"[A] promise made without supporting consideration is unenforceable." *American Samoa Gov't v. Meredith, supra*, 28 A.S.R. 92, 99 (Land & Titles Div. 1995) (*quoting Powers Restaurants, Inc. v. Garrison*, 465 P.2d 761, 763 (Okl. 1970)). Without valid consideration, these promises are at most offers to make a gift and "[a] mere promise to make a gift is not enforceable." *Id.* (*quoting Oman v. Yates*, 422 P.2d 489, 494 (Wash. 1967)). The mere expression of an intention or desire is not an enforceable promise, unless there is an undertaking to carry out the intention into effect. *Id.* (*citing E.I. Dupont De Numours & Co. v. Claiborne-Reno Co.*, 64 F.2d 224, 233 (8th Cir. 1933)).

Governor Lutali never carried out any of the alleged promises to give the premises to Isumu or his heirs. Therefore, if made, these promises are

merely offers to make a gift and unenforceable. Furthermore, governors are not authorized to unilaterally give away public lands.

## VI. Lack of Just Compensation

The Isumu Estate and Tulimasealii contend that they deserve just compensation because the Fagaima family never owned the premises. This claim is also without merit.

Prior to the condemnation proceeding, the court, in LT 16-1957, determined that the Fagaima family held title to the premises and as a result, on January 12, 1960, ASG paid this family $13,476.86 as compensation for the premises. Isumu failed to assert a claim at that time. The Fonoti family was the only other claimant to the premises, and defendants' attempt to assert such a claim, either in 1974 or now, is barred by res judicata. *Isumu*, 4 A.S.R. at 143.

## VII. Improvements to Land

■ Defendants contend that if they are evicted from the premises because ASG is legal title holder, that they should be entitled to compensation for improvements they have made on the premises during their years of occupancy. "After eviction, former possessors of land are entitled to remove fixtures and possessions," *Leomiti v. Pu`efua*, LT No. 5-94, slip op. at 6 (Land & Titles Div. 1995), but they are not entitled to gain compensation for the value of their improvements, unless they are good faith possessors. *Tulisua v. Olo*, 8 A.S.R. 2d 169, 172 (App. Div. 1988).

■ "A good faith possessor is one who makes improvements on land in the honest belief that he is the owner," whereas knowledge of an adverse claim usually prevents someone from being a good faith possessor. *Id*. Defendants have known that ASG is the legal owner of the premises since 1974 at the latest, and most likely since 1960. Thus, they are not good faith possessors and are not entitled to any compensation.

■ ASG additionally prays for damages as the result of defendants' trespass on the premises. A prevailing plaintiff in an action for trespass to real property is always entitled to at least to nominal damages, even in the absence of harm or plaintiff's failure to prove compensatory damages. *Longenecker v. Zimmerman*, 267 P.2d 543, 545 (Kan. 1954); *Nappe v. Anschelewitz*, 477 A.2d 1224, 1228 (N.J. 1984) (in a trespass action, proof of actual damage is not required because the invasion of the plaintiff's property rights is regarded as a tort in itself). Accordingly,

193

ASG is entitled to recover nominal damages in the amount of $1 from the defendants.

## ORDER

1. It is established that there is no genuine issue as to any material fact and that ASG is entitled to judgment as a matter of law. Therefore, summary judgment shall be entered in favor of ASG and against defendants.

2. Defendants are evicted from the premises, effective immediately.

3. Defendants are permitted to enter the premises for a period not exceeding 60 days after the entry of this order for the sole purpose of removing any structures, fixtures, and other improvements or possessions belonging to them. If such items are not removed within that time, they shall become ASG's property, *Leomiti v. Pu`efua*, LT No. 5-94, slip op. at 7 (Land & Titles Div. 1995); *Laulu v. Taaseu*, 23 A.S.R.2d 1, 6 (Land & Titles Div. 1992), and ASG will be entitled to recover any reasonable cost it incurs in the removal of the structures, fixtures, and possessions. *Anchorage Yacht Haven Inc., v. Robertson*, 264 So. 2d 57, 61 (Fla. 1972); *see* RESTATEMENT (SECOND) OF TORTS, § 160 (1965).

4. Each of the defendants shall pay to ASG nominal damages in the amount of $1.00 within 30 days of the entry of this order.

5. Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them are also permanently enjoined to immediately leave the premises and from entering, except as allowed above, or remaining on the premises, or at any time undertaking any construction thereon, or directly or indirectly interfering with ASG's construction of improvements upon or any other use of, and quiet enjoyment of, the premises.

It is so ordered.