2017 OK CIV APP 54

**GROUP ONE REALTY, INC.,**
**a Delaware corporation,**
**Plaintiff/Appellee,**

v.

**DAHR      PROPERTIES-MEMORIAL**
**SPRINGS, LLC, an Oklahoma limited**
**liability company and A.S. Dahr, an individual, Defendants/Appellants.**

Case Number: 114376

Court of Civil Appeals of Oklahoma,
Division No. 2.

Decided: 03/30/2017

Mandate Issued: 10/27/2017

Joe M. Hampton, Amy J. Pierce, COR-BYN HAMPTON, PLLC, Oklahoma City, Oklahoma, for Plaintiff/Appellee.

Michael K. Avery, McAFEE & TAFT, A PROFESSIONAL CORPORATION, Oklahoma City, Oklahoma, for Defendants/Appellants.

JOHN F. FISCHER, PRESIDING JUDGE:

¶1 Appellants, Dahr Properties—Memorial Springs, LLC and A.S. Dahr (collectively Dahr), appeal the district court's order granting Appellee Group One Realty, Inc.'s motion for summary judgment. Dahr asserts the district court erred in granting summary judgment without first allowing it the opportunity to conduct discovery. This appeal has been assigned to the accelerated docket pursuant to Oklahoma Supreme Court Rule 1.36(b), 12 O.S. Supp. 2013, ch. 15, app. 1, and the matter stands submitted without appellate briefing. After review of the record and applicable law, we reverse the district court's order and remand for further proceedings consistent with this Opinion.

## BACKGROUND

¶2 On September 11, 2013, Group One's predecessor-in-interest entered into a contract with Dahr for the purchase and sale of real property in Oklahoma City, Oklahoma. Group One assumed all rights under the contract pursuant to written agreement. The contract was amended in writing several times due to negotiations with pipeline companies to relocate pipelines beneath the surface. The final contract amendment gave Group One the right to terminate the contract if it could not reach agreement in principle with the pipeline companies. The amendment further stated that satisfaction of this condition would be determined at Group One's sole discretion.

¶3 On November 11, 2014, Group One delivered written notice of its election to terminate the contract. Group One requested the return of the $495,000 earnest money held in escrow, plus any accrued interest. Dahr contested the validity of the contract termination and filed suit in district court. Group One filed a motion for summary judgment, asking the district court to determine that the notice of termination was valid and effective. Dahr responded that they had been unable to conduct the discovery necessary to support their allegations against Group One. Dahr also filed an affidavit pursuant to 12 O.S.2011 § 2056(F) and District Court Rule 13(d), 12 O.S. Supp. 2013, ch. 2, app., stating their good faith belief that the discovery would reveal a genuine dispute of material facts.

¶4 The district court granted Group One's motion for summary judgment, finding that the termination notice was valid and that Group One was entitled to the return of its earnest money. Dahr appeals, asserting that the district court erred in granting summary judgment without allowing additional time to conduct discovery.

## STANDARD OF REVIEW

¶5 When deciding a motion for summary judgment, the district court considers factual matters but the ultimate decision is purely legal. *Carmichael v. Beller*, 1996 OK 48, ¶2, 914 P.2d 1051. Issues of law are reviewed pursuant to the de novo standard of review. *Brown v. Nicholson*, 1997 OK 32, n.1, 935 P.2d 319. De novo review involves a plenary, independent, and non-deferential examination of the district court's rulings of law. *In re Estate of Bell-Levine*, 2012 OK 112, ¶5, 293 P.3d 964. On review, we examine the pleadings and evidentiary materials submitted by the parties to determine whether there exists a genuine issue of material fact. *Carmichael*, 1996 OK 48, ¶2, 914 P.2d 1051. If the moving party has not addressed all

material facts, or if one or more of such facts is not supported by acceptable evidentiary material, summary judgment is not proper. *Spirgis v. Circle K Stores, Inc.*, 1987 OK CIV APP 45, 743 P.2d 682 (approved for publication by the Oklahoma Supreme Court).

## ANALYSIS

¶ 6 Appellants ask this court to determine the following: when a party's right to terminate a contract is restricted to limited conditions, is a termination allegedly premised upon the occurrence of such limited conditions subject to a good faith inquiry? [1]

¶ 7 The contract recognized that a condition to the real estate purchase was the relocation of several pipelines under the surface property. The seventh, and final, amendment to the contract contains the following language: "The Relocation Condition will be deemed satisfied at such time as Buyer and such pipeline companies reach agreement in principle on all issues with respect to proposed easements, relocation agreements and/or reimbursement agreements, such satisfaction to be determined by Buyer in its sole discretion."

¶ 8 Sufficient consideration is an essential element of a contract. 15 O.S.2011 § 2. "[C]onsideration exists as long as there is a benefit to the promisor or a detriment to the promisee." *Thompson v. Bar-S Foods Co.*, 2007 OK 75, ¶ 19, 174 P.3d 567 (citing *Powers Rests., Inc. v. Garrison*, 1970 OK 30, ¶ 7, 465 P.2d 761). Further, Oklahoma law has generally recognized that the reservation of a unilateral right to terminate an agreement is "so broad that it negates the existence of consideration...." *Id.* ¶ 20. This is known as an illusory promise. An illusory promise does not actually bind or obligate the promisor in any way. "Words of promise which by their terms make performance entirely optional with the 'promisor' whatever may happen, or whatever course of conduct in other respects he may pursue, do not constitute a promise." Restatement (Second) of Contracts § 2 cmt. e (Am. Law Inst. 1981). It is "too indefinite for legal enforcement...." 1 Samuel Williston, Contracts

§ 4:27 (4th Ed. 1990). "[A]n offer pursuant to which the promisor retains an option exercisable in his sole discretion will be held illusory unless the court can determine that his discretion is bridled by a good faith or other standard." *Id.*

¶ 9 Oklahoma courts have utilized a subjective standard for construing satisfaction clauses, particularly where a "multiplicity of factors" is involved in a party's decision to terminate the contract. *See Davis v. Sonat Expl. Co.*, 951 F.Supp. 186 (N.D. Okla. 1995) (applying Oklahoma law); *Ledford v. Wheeler*, 1979 OK CIV APP 72, 620 P.2d 903. The Restatement (Second) of Contracts expressly states a preference for an objective standard in cases where the terms of the contract do not clearly require honest, good faith compliance with the contract terms. "[I]t will not usually be supposed that the obligee has assumed the risk of the obligor's unreasonable, even if honest, dissatisfaction." Restatement (Second) of Contracts § 228 cmt. b (Am. Law Inst. 1981). There is no language in this contract subjecting Group One's right to terminate to a good faith standard and we are unwilling to impose that standard as a matter of law. Nonetheless, we hold that the objective "reasonableness" standard is appropriate for contract provisions that are conditioned on the sole satisfaction of one party. "Ceding discretion in a contract is not tantamount to subjecting oneself to legal tyranny." *Okmyansky v. Herbalife Int'l of Am., Inc.*, 415 F.3d 154, n.3 (1st Cir. 2005).

¶ 10 Group One's retained discretion regarding the pipeline relocation term of this contract is, therefore, limited by a determination of the reasonableness of its decision to terminate the contract on that basis. And, that is a matter subject to judicial review. Otherwise, the provision presents a lack of mutuality in obligation which renders the contract illusory. *Thompson v. Bar-S Foods Co.*, 2007 OK 75, ¶ 20, 174 P.3d 567.

¶ 11 Group One claims that negotiation with the pipeline companies was not satisfactory to it because the companies requested a financial guaranty from Group One's corporate parent and further request-

---

1. We find this issue to be dispositive and decline to address the additional issues raised by Dahr.

ed a lien on the property as security. However, Group One's expression of dissatisfaction is not conclusive. Restatement (First) of Contracts § 265, cmt (Am. Law Inst. 1932). The record contains evidence of Group One's reluctance to allow a lien on the property, but also contains evidence of its willingness to grant the requested guaranty to the pipeline companies. Group One has offered no other explanation for its dissatisfaction other than to say that the requests were "not typical or consistent with Group [One]'s property acquisition practices." Group One's argument, in essence, raises a fact issue inappropriate for summary disposition. Dahr should have been permitted to conduct discovery regarding this issue.

¶ 12 The summary process requires that we determine whether the record reveals only undisputed material facts supporting a single inference that favors the movant's motion for summary judgment. *Copeland v. The Lodge Enters., Inc.*, 2000 OK 36, ¶ 8, 4 P.3d 695. If a material fact is not supported by acceptable evidentiary material, summary judgment is not proper. *Spirgis v. Circle K Stores, Inc.*, 1987 OK CIV APP 45, 743 P.2d 682 (approved for publication by the Oklahoma Supreme Court). We find that the reasonableness of Group One's dissatisfaction with the results of its relocation negotiation with pipeline companies is not supported by the evidence in the record before this court and, therefore, summary judgment was improperly granted by the district court.

## CONCLUSION

¶ 13 A contractual provision which is conditioned upon the satisfaction of the obligor is illusory unless the party's dissatisfaction can be tested by the courts for its reasonableness. The evidence in the record does not address the reasonableness of Group One's decision to terminate the contract. Therefore, summary judgment was improper. The district court's order is reversed and remanded for further proceedings consistent with this Opinion.

¶ 14 **REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

RAPP, J., and GOODMAN, J., concur.